```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                          HAMMOND DIVISION
```

DENNIS CHINN,                    )
                                 )
        Plaintiff                )
                                 )
        v.                       )    Case No. 2:04 cv 393
                                 )
JULIE CANTRELL, Individually     )
and as Judge of Lake Superior    )
Court #3, LAKE SUPERIOR COURT    )
#3, and SHAW SPURLOCK,           )
Individually and as a police     )
officer for the Lake County      )
Sheriff's Department, LAKE       )
COUNTY SHERIFF'S DEPARTMENT and  )
LAKE COUNTY, INDIANA,            )
                                 )
        Defendants               )

OPINION AND ORDER

This matter is before the court on the Motion to Quash filed by the defendant, Lake County, on April 20, 2005; the Motion for Order Compelling Lake County, Indiana to Assist Plaintiff in Obtaining a Refund of His Contributions to the Public Employees' Retirement Fund and for Sanctions filed by the plaintiff, Dennis Chinn, on April 21, 2005; and the Motion for Order Compelling Discovery and Sanctions filed by Chinn on April 21, 2005.  For the reasons set forth below, the motion to quash is **DENIED,** the motion to compel Lake County to assist the plaintiff is **DENIED,** and the motion to compel discovery and sanctions is **GRANTED IN PART** and **DENIED IN PART.**

Background

The plaintiff, Dennis Chinn, was a bailiff for the Lake County Superior Court Division Three in Lake County, Indiana.  In

February of 2003, Chinn assisted a family friend, who appeared as a defendant in Superior Court Three, obtain counsel.  (Comp. ∂∂ 7-9) Chinn alleges that following this assistance, Superior Court Judge Julie Cantrell initiated an investigation conducted by Lake County Police Officer Shaw Spurlock into Chinn's behavior.  (Comp. ∂ 13) During the course of this investigation, Chinn alleges that Spurlock attempted to entrap Chinn and "berated, scoffed at, and refused to believe" him.  (Comp. ∂∂ 25, 31) This investigation ultimately concluded in a Grand Jury's finding that there was not sufficient evidence to indict Chinn on charges of bribery, intimidation, and official misconduct.  (Comp. ∂ 15) Chinn further alleges that this investigation was a "sham" that actually was motivated by Chinn's political support for a candidate other than Rogelio Dominguez, the husband of Cantrell's Chief Probation Officer, in the election for Lake County Sheriff.  (Comp. ∂ 17)

   In addition to asserting claims for defamation, tortious interference with an employment relationship, and deprivation of various Constitutional rights, Chinn alleges that Cantrell wrongfully suspended him on February 15, 2003, in violation of 42 U.S.C. ß1983.  (Comp. ∂ 27) As Chinn mentions in several of the motions addressed in this Order, there is a factual dispute over whether Chinn was suspended, terminated, or whether he quit, abandoned, or resigned his position.  *See, e.g.,* Pl. Resp. to Motion to Quash; Motion to Compel Contributions.  The pending motion to quash and motion for an order compelling Lake County to

2

refund Chinn's Public Employees' Retirement Fund ("PERF") contributions relate to this ambiguity. The third pending motion, to compel discovery, addresses the failure of Spurlock and the Lake County Sheriff's Department to respond to propounded discovery.

## Discussion

### Motion to Quash

Lake County seeks to quash a subpoena ordering the deposition of its counsel, William O'Rourke, on the subject of conversations he had with Cantrell regarding Chinn's employment status because these conversations are protected by the attorney-client privilege. Federal Rule of Civil Procedure 45(c)(3)(iii) states that the court shall quash a subpoena if it "requires disclosure of privileged or other protected matter and no exception or waiver applies." Federal law governs the Rule 45 privilege analysis because Chinn's claims arise under federal law. *See* Federal Rule of Evidence 501.

The Seventh Circuit articulates the elements of the attorney-client privilege as:

> (1) Where legal advice of any kind is sought (2) from a professional legal advisor in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by his legal advisor, (8) except the protection to be waived.
>
> ***United States v. White***, 950 F.2d 426, 430 (7th Cir. 1991)

Lake County bears the burden of proving that the communications between Cantrell and Attorney O'Rourke are privileged. *See*

3

*White*, 950 F.2d at 430 (noting that the party claiming the privilege has the burden of proving its elements); *Matteson v. Baxter Healthcare Corp.*, No. 02 C 3283, 2003 WL 22839808, at *2 (N.D. Ill. Nov. 26, 2003) ("[T]he party seeking to assert the privilege bears the burden of proving that the privilege was not waived.").

Lake County's only argument in support of its motion to quash is that the interests of Lake County and Cantrell are "one and the same," and that therefore, a blanket privilege attaches to all communication between O'Rourke and Cantrell.  Given the high level of precision that the Seventh Circuit demands from a party claiming that the attorney-client privilege, as well as the failure of Lake County to provide any legal support for its contention, the court rejects Lake County's theory of privilege. *See, e.g., White*, 950 F.2d at 430.  In any event, O'Rourke is not the attorney of record for Cantrell, and Lake County has not alleged any facts indicating that Cantrell sought legal advice from O'Rourke such that an attorney-client relationship could be inferred.  Rather, Chinn asserts that O'Rourke sought factual information regarding the status of Chinn's employment from Cantrell, which he passed along to Chinn's counsel.  (Resp. Mot. to Quash, ∂ 14) In failing to file a reply to its Motion to Quash, Lake County leave this assertion unrebutted.  For these reasons, the court finds that Lake County has not established the existence of an attorney-client relationship between attorney O'Rourke and Cantrell.

**Motion for Order Compelling PERF Contributions**

Chinn seeks the court's assistance in compelling Lake County to provide a refund of his PERF contributions.  Chinn does not request this refund as a form of relief in his complaint, nor do the claims he asserts clearly encompass such a remedy.  Even if a PERF refund does fall within Chinn's requested relief, a point on which this court makes no finding here, such relief would be a pre-judgment remedy that is neither recognized by the Federal Rules of Civil Procedure nor by the federal courts.  Finally, as with Lake County's motion to quash, the complete absence of legal support for the unique relief requested in Chinn's motion to compel gives this court no reason to grant it.  See **Tyler v. Runyon**, 70 F.3d 458, 464-65 (7th Cir. 1995); **Hershinow v. Bonamarte**, 735 F>2d 264, 266 (7th Cir. 1984) (refusing to consider an argument that was briefed in a "perfunctory and undeveloped [] manner").

**Motion for Order Compelling Discovery**

In his motion to compel discovery, Chinn seeks to require Spurlock and the Lake County Sheriff's Department to respond to outstanding interrogatories and requests for production.  The Sheriff's Department was dismissed from this action on May 11, 2005.  Spurlock has not responded to the motion to compel, subjecting it to summary ruling under Local Rule 7.1(a).  Therefore, the court grants the motion to compel insofar as it relates to Spurlock, and denies the motion with respect to the Sheriff's Department.  The court further denies the sanctions requested by

Chinn.  This motion to compel is the first discovery dispute between Spurlock and Chinn, and Spurlock's conduct has not been egregious enough to warrant sanction.

_____

For the foregoing reasons, the Motion to Quash filed by the defendant, Lake County, on April 20, 2005 is **DENIED**; the Motion for Order Compelling Lake County, Indiana to Assist Plaintiff in Obtaining a Refund of His Contributions to the Public Employees' Retirement Fund and for Sanctions filed by the plaintiff, Dennis Chinn, on April 21, 2005 is **DENIED**; and the Motion for Order Compelling Discovery and Sanctions filed by Chinn on April 21, 2005 is **GRANTED IN PART** and **DENIED IN PART**.  Defendant Spurlock is **ORDERED** to provide answers to the plaintiff's interrogatories and requests for production within ten (10) days of the date of this Order.

ENTERED this 26th day of May, 2005


s/ ANDREW P. RODOVICH
United States Magistrate Judge