```
                  UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF INDIANA
                        HAMMOND DIVISION


DENNIS CHINN,                    )
                                 )
          Plaintiff              )
                                 )
     v.                          )   Case No. 2:04 cv 393
                                 )
JULIE CANTRELL, Individually     )
and as Judge of Lake Superior    )
Court #3, LAKE SUPERIOR COURT    )
#3, and SHAW SPURLOCK,           )
Individually and as a police     )
officer for the Lake County      )
Sheriff's Department, LAKE       )
COUNTY SHERIFF'S DEPARTMENT and  )
LAKE COUNTY, INDIANA,            )
                                 )
          Defendants             )
```

OPINION AND ORDER

This matter is before the court on the Motion for Summary Judgment filed by the defendant, Julie Cantrell, Individually and as Judge of Lake Superior Court #3, and Lake Superior Court #3, on December 15, 2005.  For the reasons set forth below, the motion is **GRANTED**.

Background

As required by Local Rule 56.1(a), the defendant, Julie Cantrell, supported her Motion for Summary Judgment with a Statement of Material Undisputed Facts.  (Memorandum, §II) In his response, the plaintiff, Dennis Chinn, took issue with seven of the factual statements made by Cantrell.  These challenged statements are irrelevant for purposes of summary judgment. Chinn also added 13 factual statements which Cantrell has ac-

cepted as true for purposes of summary judgment.  As such, there are no material factual disputes.

Cantrell is the duly elected judge of the Lake Superior Court, Division 3.  Chinn was assigned to Cantrell's court as a bailiff in April 2001.  Chinn was performing his duties satisfactorily before the incidents described in the lawsuit.

On February 12, 2003, Nicholas Bennett was a defendant in a criminal case pending before Cantrell.  Chinn was acquainted with Bennett, and he suggested that Bennett retain Randy Wyllie as his attorney.  Later that same day, Chinn called the Bennett residence and told Bennett's father that the attorney fees would be $1500.  Chinn also went to the Bennett residence in an effort to collect the $1500 attorney fee.

On February 15, 2003, Bennett's mother wrote a letter to Cantrell concerning Chinn's conduct.  She also indicated to Cantrell that Chinn had threatened Bennett with a jail sentence if the attorney fees were not paid.  Because Cantrell was concerned that Chinn may have engaged in criminal conduct, she asked the Lake County Sheriff to investigate the incident.

The defendants, Shaw Spurlock and Ryan Askew, were the detectives assigned to investigate Cantrell's complaint.  After conducting the investigation, Spurlock discussed the matter with a Lake County deputy prosecutor.  No charges were filed by the Prosecutor's Office, but the matter was submitted to the grand jury in May 2004.  The grand jury did not return an indictment.

After receiving the letter from Bennett's mother, Cantrell suspended Chinn without pay pending the investigation. Chinn still was suspended when the grand jury declined to return an indictment in May 2004. After the investigation was completed, neither Chinn nor Cantrell made any effort to resolve the ongoing suspension.

No further action was taken by either party until Chinn, through his attorney, notified Cantrell that he intended to return to his job as bailiff. On March 4, 2005, county attorney William O'Rourke notified Chinn that he had abandoned his job and instructed him not to return to work.

On April 24, 2003, The Times ran an article concerning the suspension of Chinn. In part, the article stated:

> Judge Julie Cantrell said Dennis Chinn has been suspended from her bailiff's staff without pay for the last six weeks pending an investigation by the Prosecutor's Office into allegations he solicited $1500 from the family of a person charged in her court with a minor crime.

(Response filed February 6, 2006, Exh. E)

This article forms the basis of the defamation claim.

The complaint named Cantrell, both individually and in her official capacity, and the Lake Superior Court Division 3 as defendants. In the motion for summary judgment, Cantrell challenged the claim against her in her official capacity, the claim against the Superior Court, the due process claim, the First Amendment claims, the Section 1985(3) conspiracy claim, and the state law claims of tortious interference with contract and

3

defamation.  In his response, Chinn conceded that the claims against Cantrell in her official capacity and the Lake Superior Court are barred by the Eleventh Amendment.  Chinn failed to respond to the arguments addressing the First Amendment and the conspiracy claims.  Therefore, summary judgment is appropriate for those two claims.  Chinn did address the due process claim and the two state law claims, and for the first time raised an equal protection claim.  Only the latter four claims warrant discussion.

## Discussion

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is proper only if it is demonstrated that "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." *See* **Celotex Corp. v. Catrett**, 477 U.S. 317, 322-23, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986); **Lawrence v. Kenosha County**, 391 F.3d 837, 841 (7th Cir. 2004); **Branham v. Snow**, 392 F.3d 896, 901 (7th Cir. 2004); **Windle v. City of Marion, Indiana**, 321 F.3d 658, 660-61 (7th Cir. 2003), *cert. denied*, 540 U.S. 873, 124 S.Ct. 873, 157 L.Ed.2d 133 (2003).  The burden is upon the moving party to establish that no material facts are in genuine dispute, and any doubt as to the existence of a genuine issue must be resolved against the moving party.  **Adickes v. S.H. Kress & Company**, 398 U.S. 144, 160, 90 S.Ct. 1598, 1610, 26 L.Ed.2d 142, 155 (1970); **Lawrence**, 391 F.3d at 841. A fact is material if it is outcome determinative under applicable law.  **Anderson v. Liberty Lobby, Inc.**, 477 U.S. 242,

4

248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202, 212 (1986); *Lawrence*, 391 F.3d at 841; *Hottenroth v. Village of Slinger*, 388 F.3d 1015, 1027 (7th Cir. 2004); *Palmer v. Marion County*, 327 F.3d 588, 592 (7th Cir. 2003).  Even if the facts are not in dispute, summary judgment is inappropriate when the information before the court reveals a good faith dispute as to inferences to be drawn from those facts.  *Spiegula v. Hull*, 371 F.3d 928, 935 (7th Cir. 2004); *Hines v. British Steel Corporation*, 907 F.2d 726, 728 (7th Cir. 1990).  Finally, summary judgment "will not be defeated simply because motive or intent are involved."  *Roger v. Yellow Freight Systems, Inc*., 21 F.3d 146, 148 (7th Cir. 1994).  *See also Miller v. Borden, Inc*., 168 F.3d 308, 312 (7th Cir. 1999); *Plair v. E.J. Brach & Sons, Inc.*, 105 F.3d 343, 346 (7th Cir. 1997); *United Association of Black Landscapers v. City of Milwaukee*, 916 F.2d 1261, 1268 (7th Cir. 1990).

In deciding a motion for summary judgment, the trial court must determine whether the evidence presented by the party opposed to the summary judgment is such that a reasonable jury might find in favor of that party after a trial.

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial--whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.
>
> [T]his standard mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a), which is that the trial judge must direct a verdict if, under the

5

>   governing law, there can be but one reason-
>   able conclusion as to the verdict.

***Anderson***, 477 U.S. at 250, 106 S.Ct. at 2511 *See also* ***Reeves v. Sanderson Plumbing Prods., Inc***., 530 U.S. 133, 149-151, 120 S.Ct. 2097, 2109, 147 L.Ed.2d 105, 120-22 (2000) (setting out the standard for a directed verdict); ***Celotex Corp***., 477 U.S. at 322-323, 106 S.Ct. at 2553; ***Branham***, 392 F.3d at 901; ***Lawrence***, 391 F.3d at 841; ***Hottenroth***, 388 F.3d at 1027 (stating that a genuine issue is one on which "a reasonable fact finder could find for the nonmoving party"); ***Schuster v. Lucent Technologies, Inc***., 327 F.3d 569, 573 (7th Cir. 2003) (stating that a genuine issue exists and summary judgment is inappropriate if there is sufficient evidence for a jury to return a verdict for the nonmoving party).

The plaintiff alleges that his suspension and discharge violated his liberty interests protected by the Due Process Clause. The hearing requirements of procedural due process embodied in the Fourteenth Amendment apply "only to a state's deprivation of life, liberty or property." ***Wroblewski v. City of Washburn***, 965 F.2d 452, 455 (7th Cir. 1992). However,

>   if the hearing mandated by the Due Process
>   Clause is to serve any useful purpose, there
>   must be some factual dispute between an em-
>   ployer and a discharged employee which has
>   some significant bearing on the employee's
>   reputation. . . . [T]he absence of any such
>   allegation or finding is fatal to [the plain-
>   tiff's] claim under the Due Process Clause
>   that he should have been given a hearing.
>
>   ***Codd v. Velger***, 429 U.S. 624, 627, 97 S.Ct.
>   882, 884, 51 L.Ed.2d 92 (1977)

6

See also ***Beischel v. Stone Bank School District***, 362 F.3d 430, 439 (7th Cir. 2004); ***Colaizzi v. Walker***, 655 F.2d 828, 831 (7th Cir. 1981)("If plaintiffs had not challenged the truth of the charges in question . . . then the requirement of a hearing would not attach.").

Nowhere in the pleadings and attachments thereto has Chinn challenged the truth of the allegations against him.  In fact, Chinn admits in his Complaint that he recommended legal counsel to and then attempted to solicit payment from a criminal defendant charged in the court in which he worked. (*See* Complaint ¶¶ 9, 11)  Given these admissions, Cantrell cannot be said to have defamed Chinn by accurately stating that he was suspended pending investigation into these matters. *See* ***Beischel***, 362 F.3d at 439.

Even if Cantrell's statement was defamatory, which it was not, Chinn has failed to allege any tangible loss of employment opportunity.  In order to show that the defendant has infringed on the plaintiff's liberty interests by terminating or altering the conditions of the plaintiff's employment, the plaintiff must show in part that "he suffered a tangible loss of other employment opportunities as a result of public disclosure."[1] ***Townsend v. Vallas***, 256 F.3d 661, 670 (7th Cir. 2001).  The employment

---

[1] The court need not decide whether a suspension pending investigation alters the conditions of employment enough to qualify as a due process violation.  *See **Paul v. Davis, III***, 424 U.S. 693, 96 S. Ct. 1155, 47 L.Ed.2d 405 (1976)(noting that in procedural due process cases, "a right or status previously recognized by state law was distinctly altered or extinguished;") ***Lawson v. Sheriff of Tippecanoe County***, 725 F.2d 1136, 1139 (7th Cir. 1984) (expanding the rule that "there is no deprivation of liberty if the employee is not fired" to encompass a demotion so severe that it effectively excludes an employee from his trade).

opportunities affected must be in the same trade or occupation in which the adverse employment action occurred. *See* **Townsend**, 256 F.3d at 671-72; **Ratliff v. City of Milwaukee**, 795 F.2d 612, 625 (7th Cir. 1986).

Chinn has not provided any evidence that he sought work as a bailiff until he attempted to return to his job ten months after the grand jury declined to indict him.  While this attempt hardly is evidence Chinn could not return to the general occupation of bailiff, Chinn does not argue that he has been excluded from this profession.  Instead, he argues that he lost a tangible employment opportunity when a medical waste treatment project by a new company he had formed after his termination was "delayed" until he could "clear his name." (Mem. Opp. Pg. 16)  The Fourteenth Amendment guarantees due process when the plaintiff is faced with exclusion from the same profession the plaintiff occupied prior to the stigmatizing act, not from inconveniences in any profession the plaintiff may happen to occupy after the fact.  *See* **Townsend**, 256 F.3d at 670. For these reasons, Chinn's due process claim fails.

The statute of limitations bars Chinn's tortious interference with contract claim.  Indiana's Tort Claim Act provides that, absent exceptions that do not apply in this case, a claim against the state is barred "unless notice is filed with the attorney general or the state agency involved within two hundred seventy (270) days after the loss occurs." Ind. Code §34-13-3-6.  The latest Chinn's cause of action could have accrued was April

8

24, 2003, when The Times article concerning Chinn appeared.  Thus, the latest Chinn could have submitted notice of a claim was approximately March 1, 2004.  However, Chinn did not file suit until September 24, 2004, and did not file his notice of claim until one month later.  Consequently, the claim is barred.

The plaintiff's argument that the notice requirement does not apply to Cantrell in her individual capacity is without merit.  The Indiana Tort Claims Act also "operates to bar claims against employees of the state," and a plaintiff cannot make an end run around the statute by suing an official in her individual capacity. *Lake County Juvenile Court v. Swanson*, 671 N.E.2d 429, 437 (Ind. App. 1996), *trans. denied*, 683 N.E.2d 588 (Ind. 1997); *See also* *Poole v. Clase*, 476 N.E.2d 828, 831-32 (Ind. 1985).

Finally, for the first time in response to summary judgment, Chinn raised an equal protection claim.  This claim was not part of the Complaint.  Because "a plaintiff may not amend his complaint through arguments in his brief in opposition to a motion for summary judgment," this claim is not properly before the court. *Grayson v. O'Neill*, 308 F.3d 808, 817 (7th Cir. 2002) (*quoting* *Shanahan v. City of Chicago*, 82 F.3d 776, 781 (7th Cir. 1996)). *See also* *Aida Food and Liquor, Inc. v. City of Chicago*, No. 03C 4341, 2006 WL 508713, at *4 (7th Cir. March 3, 2006).

_____

For the foregoing reasons, the Motion for Summary Judgment filed by the defendant, Julie Cantrell, Individually and as Judge of Lake Superior Court #3, and Lake Superior Court #3, on Decem-

9

ber 15, 2005 is **GRANTED**.  The only defendants remaining in this case are Shaw Spurlock and Lake County, who have not filed dispositive motions.

ENTERED this 16th day of March, 2006


                                        s/ ANDREW P. RODOVICH
                                           United States Magistrate Judge