```
                  UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF INDIANA
                        HAMMOND DIVISION


DENNIS CHINN,                    )
                                 )
            Plaintiff            )
                                 )
       v.                        )    Case No. 2:04 cv 393
                                 )
JULIE CANTRELL, Individually     )
and as Judge of Lake Superior    )
Court #3, LAKE SUPERIOR COURT    )
#3, and SHAW SPURLOCK,           )
Individually and as a police     )
officer for the Lake County      )
Sheriff's Department, LAKE       )
COUNTY SHERIFF'S DEPARTMENT and  )
LAKE COUNTY, INDIANA,            )
                                 )
            Defendants           )
```

OPINION AND ORDER

This matter is before the court on the Motion for Summary Judgment filed by the defendants, Shaw Spurlock and Lake County Indiana ("Lake County Defendants"), on April 17, 2006. For the reasons set forth below, this motion is **GRANTED**.

Background

The facts giving rise to Chinn's claims were addressed in detail in this court's order of March 16, 2006. As before, the parties take issue with factual assertions made in the Statement of Material Facts and Statement of Genuine Issues filed pursuant to Local Rule 56.1. The disputed facts are not relevant for the purposes of summary judgment. The additional factual statements that Chinn added are accepted as true for the purposes of this motion.

Cantrell is the duly elected judge of the Lake Superior Court, Division 3.  Chinn was assigned to Cantrell's court as a bailiff in April 2001.  Chinn performed his duties satisfactorily before the incidents described in the lawsuit.

On February 12, 2003, Nicholas Bennett, a criminal defendant, appeared in Division 3. Chinn was acquainted with Bennett, and he suggested that Bennett retain Randy Wyllie as his attorney.  Later that same day, Chinn called the Bennett residence and told Bennett's father that the attorney fees would be $1500.  Chinn also went to the Bennett residence in an effort to collect the $1500 attorney fee.

On February 15, 2003, Bennett's mother wrote a letter to Cantrell concerning Chinn's conduct.  She also indicated to Cantrell that Chinn had threatened Bennett with a jail sentence if the attorney fees were not paid.  Because Cantrell was concerned that Chinn may have engaged in criminal conduct, she asked the Lake County Sheriff to investigate the incident.

The defendant, Shaw Spurlock, was the detective assigned to investigate Cantrell's complaint.  Spurlock and Detective Ryan Askew conducted an informal investigation, interviewing Nicholas Bennett, his parents, attorney Randy Wyllie, and Chinn. Spurlock indicated in a February 26, 2003 letter to Cantrell that the results also would be turned over to the Lake County Prosecutor.  No charges were filed by the Prosecutor's Office, but the matter was submitted to the grand jury in May 2004.  The grand jury did not return an indictment.

After receiving the letter from Bennett's mother, Cantrell suspended Chinn without pay pending the investigation. Chinn still was suspended when the grand jury declined to return an indictment in May 2004. After the investigation was completed, neither Chinn nor Cantrell made any effort to resolve the ongoing suspension.

No further action was taken by either party until Chinn, through his attorney, notified Cantrell that he intended to return to his job as bailiff. On March 4, 2005, county attorney William O'Rourke notified Chinn that he had abandoned his job and instructed him not to return to work.

On April 24, 2003, The Times ran an article concerning the suspension of Chinn. In part, the article stated:

> Judge Julie Cantrell said Dennis Chinn has been suspended from her bailiffs staff without pay for the last six weeks pending an investigation by the Prosecutor's Office into allegations he solicited $1500 from the family of a person charged in her court with a minor crime.

(Response filed February 6, 2006, Exh. E)

This article forms the basis of the defamation claim.

## Discussion

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is proper only if it is demonstrated that "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." *See* ***Celotex Corp. v. Catrett***, 477 U.S. 317, 322-23, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986); ***Lawrence v. Kenosha County***, 391 F.3d 837, 841 (7th Cir.

3

2004); *Branham v. Snow*, 392 F.3d 896, 901 (7th Cir. 2004); *Windle v. City of Marion, Indiana*, 321 F.3d 658, 660-61 (7th Cir. 2003), *cert. denied*, 540 U.S. 873, 124 S.Ct. 873, 157 L.Ed.2d 133 (2003).  The burden is upon the moving party to establish that no material facts are in genuine dispute, and any doubt as to the existence of a genuine issue must be resolved against the moving party.  *Adickes v. S.H. Kress & Company*, 398 U.S. 144, 160, 90 S.Ct. 1598, 1610, 26 L.Ed.2d 142, 155 (1970); *Lawrence*, 391 F.3d at 841. A fact is material if it is outcome determinative under applicable law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202, 212 (1986); *Ballance v. City of Springfield, Illinois Police Department*, 424 F.3d 614, 616 (7th Cir. 2005); *Hottenroth v. Village of Slinger*, 388 F.3d 1015, 1027 (7th Cir. 2004); *Palmer v. Marion County*, 327 F.3d 588, 592 (7th Cir. 2003).  Even if the facts are not in dispute, summary judgment is inappropriate when the information before the court reveals a good faith dispute as to inferences to be drawn from those facts.  *Spiegula v. Hull*, 371 F.3d 928, 935 (7th Cir. 2004); *Hines v. British Steel Corporation*, 907 F.2d 726, 728 (7th Cir. 1990).  Finally, summary judgment "will not be defeated simply because motive or intent are involved."  *Roger v. Yellow Freight Systems, Inc*., 21 F.3d 146, 148 (7th Cir. 1994).  *See also Miller v. Borden, Inc*., 168 F.3d 308, 312 (7th Cir. 1999); *Plair v E.J. Brach & Sons, Inc.*, 105 F.3d 343, 346 (7th Cir. 1997); *United Association of Black Landscapers v. City of Milwaukee*, 916 F.2d 1261, 1268 (7th Cir. 1990).

In deciding a motion for summary judgment, the trial court must determine whether the evidence presented by the party opposed to the summary judgment is such that a reasonable jury might find in favor of that party after a trial.

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial--whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.
>
> [T]his standard mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a), which is that the trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict.
>
> *Anderson*, 477 U.S. at 250, 106 S.Ct. at 2511

*See also* ***Reeves v. Sanderson Plumbing Prods., Inc***., 530 U.S. 133, 149-151, 120 S.Ct. 2097, 2109, 147 L.Ed.2d 105, 120-22 (2000) (setting out the standard for a directed verdict); ***Celotex Corp***., 477 U.S. at 322-323, 106 S.Ct. at 2553; ***Branham***, 392 F.3d at 901; ***Lawrence***, 391 F.3d at 841; ***Hottenroth***, 388 F.3d at 1027 (stating that a genuine issue is one on which "a reasonable fact finder could find for the nonmoving party"); ***Schuster v. Lucent Technologies, Inc***., 327 F.3d 569, 573 (7th Cir. 2003)(stating that a genuine issue exists and summary judgment is inappropriate if there is sufficient evidence for a jury to return a verdict for the nonmoving party).

In his complaint, Chinn brought five counts arising out of these events against Cantrell, individually and as Judge of Lake

5

County Superior Division 3, Shaw Spurlock, individually and in his capacity as an officer of the Lake County Sheriff's Department, the Lake County Sheriff's Department, and Lake County.

Count I alleges that Chinn was suspended from his position as bailiff in violation of his Fourteenth Amendment due process guarantees of notice and an opportunity to be heard. This count further appears to raise a First Amendment claim, alleging that Chinn's suspension was politically motivated and "in retribution" for the exercise of First Amendment rights. Chinn's second and third counts allege state law claims of defamation and tortious interference with contract. In Count IV, without reference to co-conspirators, Chinn restates his First Amendment claim, this time alleging that Cantrell conspired to remove Chinn based upon political affiliation. Finally, Chinn's fifth count (erroneously labeled Count VI), alleges that the defendants investigated and convened a grand jury without probable cause. Chinn seeks redress for this violation under 42 U.S.C. §1983, as a deprivation of constitutionally protected rights.

In the March 16, 2006 order, this court granted summary judgment on behalf of Cantrell and Division 3. In response to the motion, for the first time in this matter, Chinn raised an Equal Protection Clause violation which the court concluded was not properly raised. (March 16, 2006 Order, p. 9) The court concluded that Chinn did not show a deprivation that implicated the Fourteenth Amendment due process right to notice and an opportunity to be heard. (Order, pp. 7-8) Chinn's state law claim of tortious

6

interference with contract was disposed of based upon the statute of limitations imposed by the Indiana Tort Claims Act, and the court further found that Cantrell's statements published by the Times were not defamatory. (Order, pp. 7, 8-9) Finally, the court found that Chinn, through his failure to respond to the First Amendment and conspiracy claims, had waived these claims.

There is no reason to revisit many of the conclusions drawn in the March 16, 2006 order. The statute of limitations bar to Chinn's tort claim still precludes a claim arising from the events surrounding Chinn's suspension, despite the attempt to attach liability to other actors in these same events. Likewise, Chinn, having failed to show a deprivation of a liberty interest that implicates the Fourteenth Amendment, may not cure this deficiency by focusing on other actors in the same course of events. Finally, the court's conclusion that no defamatory act occurred also is unchanged when the defendants have changed but the claim arises from the same non-defamatory event. The lack of merit, and now the law of the case doctrine, preclude further examination of these claims. See **Peoples v. United States**, 403 F.3d 844, 846 (7th Cir. 2005)("The twin goals of this doctrine are to ensure that the parties marshal all of their facts and arguments so that a dispute may be resolved in one pass, and to conserve judicial resources.").

In fact, Chinn has not presented arguments for revisiting these conclusions.  Instead, he focuses his response entirely on a second attempt to restate the same equal protection claim

against the Lake County defendants that this court rejected when raised against Cantrell for the first time in his response to Cantrell's motion for summary judgment. The court will clarify its basis for again rejecting this claim.

A claim raised for the first time in response to a motion for summary judgment is not properly before the court. *Aida Food and Liquor, Inc. v. City of Chicago*, 439 F.3d 397, 402 (7th Cir. 2006)("[A] response to summary judgment is hardly a timely filing in which to raise an issue."); *Ajayi v. Aramark Business Services, Inc.*, 336 F.3d 520, 530-31 (7th Cir. 2003)(*quoting* *Shanahan v. City of Chicago*, 82 F.3d 776, 781 (7th Cir. 1996). Rather, an attempt to withstand summary judgment by raising a new claim is an attempt to amend the complaint. *Connor v. Illinois Department of Natural Resources*, 413 F.3d 675, 679 (7th Cir. 2005). Accordingly, an amendment to a complaint sought after the defendants have filed a responsive pleading, and adding a new count, requires either the adverse party's consent or leave of the court.  Federal Rule of Civil Procedure 15(a)*. See also* *Connor*, 413 F.3d at 679.  In either case, leave to amend the complaint shall be freely given unless the circumstances indicate that the amendment is futile or causes the opposing party undue prejudice. *Peoples v. Sebring Capital Corporation*, 209 F.R.D. 428, 429 (N.D. Ill. 2002) (*citing* *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962)). Though futility generally is measured by whether the amendment would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), when a

8

summary judgment motion is pending, futility may be shown with reference to the entire summary judgment record. ***Peoples***, 209 F.R.D. at 430 (*quoting* ***Bethany Pharamacal Company v. QVC, Inc.***, 241 F.3d 854, 860 (7th Cir. 2001)("An amendment is futile if the added claim would not survive a motion for summary judgment."). The decision of the district court to deny leave to amend a complaint is reviewed for abuse of discretion. ***Ajayi***, 336 F.3d at 530 (7th Cir. 2003).

The court denies Chinn leave to add his "class of one" Equal Protection Clause claims against the Lake County defendants. The Supreme Court has confirmed that the Equal Protection Clause provides an enforceable right to a single individual subjected to "intentional and arbitrary discrimination." ***Village of Willowbrook v. Olech***, 528 U.S. 562, 564, 120 S.Ct. 1073, 1075, 145 L.Ed.2d 1060 (2000). *See also* ***Maulding Development, LLC v. City of Springfield***, 453 F.3d 967, 969-70 (7th Cir. 2006). The plaintiff asserting a class of one equal protection claim bears the burden of showing that he was "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." ***Bell v. Duperrault***, 367 F.3d 703, 707 (7th Cir. 2004)(*quoting* ***Olech***, 528 U.S. at 564, 120 S.Ct. at 1074). A similarly situated individual is one who is "prima facie identical in all relevant respects." ***Racine Charter One, Inc. V. Racine Unified School District***, 424 F.3d 677, 680 (7th Cir. 2005) (*quoting* ***Purze v. Village of Winthrop Harbor***, 286 F.3d 452, 455-56 (7th Cir. 2004). Under this burden, the plain-

tiff must "eliminate any reasonable conceivable state of facts that could provide a rational basis for the classification." *Discovery House, Inc. v. Consolidated City of Indianapolis*, 319 F.3d 277, 282 (7th Cir. 2003).

In support of his equal protection claim, Chinn argues that four individuals were similarly situated to him. Chinn first refers to an employee in Lake Superior Court who wrote a letter to a newspaper "extolling the accolades of an attorney she was dating." (Chinn Memo. II(b)¶ 6) Chinn also states that a court interpreter recommended an attorney to an individual who did not speak English. (Chinn Memo. II(b)¶ 7) In both instances, the employees received written reprimands. Chinn further states that Cantrell's brother-in-law, who was accused of stealing from an employee's purse, and Randy Wyllie, the attorney to whom Chinn referred Bennett, are similarly situated but were not suspended from their jobs or subjected to investigation.

None of these individuals is similarly situated to Chinn. The accusations that Cantrell received regarding Chinn, confirmed in his pleadings, indicate that Chinn, while serving as a bailiff, solicited representation on behalf of a criminal defendant, telephoned the defendant's father requesting attorney's fees, later attempted to collect these fees, and threatened Bennett with a jail sentence if the fees were not paid. The court has no difficulty concluding that the gravity of these accusations stands in marked contrast to the individuals Chinn references as comparable. The decision to suspend Chinn to investigate these

10

charges, and the decision to convene a grand jury to consider them, were supported by a rational basis. Chinn cannot show that these decisions lacked any conceivable basis. His equal protection claim fails on this basis.  See *Maulding Development LLC*, 453 F.3d at 970.

Finally, Chinn has presented no argument in support of his claim that he was investigated and suspended in violation of his First Amendment rights. The Lake County defendants argue that these claims fail as a matter of law. Even if a non-moving party fails to respond to a motion for summary judgment, Rule 56 permits judgment for the moving party only when there is no genuine issue of material fact and judgment as a matter of law is appropriate. *Johnson v. Gudmundsson*, 35 F.3d 1104, 1112 (7th Cir. 1994); *Nabozny v. Podlesny*, 92 F.3d 446, 457 (7th Cir. 1996) ("Assuming arguendo that Nabozny failed to defend his sexual orientation claim in the face of the defendants' summary judgment motion, the district court was not relieved of its obligation to consider the claim."). The effect of a failure to respond, however, is that it "constitutes an admission by the non-movant that there are no disputed issues of genuine fact warranting trial." *Flynn v. Sandahl*, 58 F.3d 282, 288 (7th Cir. 1995).

The Lake County defendants argue that Chinn has pointed to no speech underlying his First Amendment claim. In addition, Chinn has not shown a causative relationship between his political affiliation and the investigation of his solicitation of attorney's fees from the Bennett family. The defendants further

11

argue that the decision to investigate the allegations against Chinn was based on legitimate, non-political grounds. The undisputed facts, construed most favorably to Chinn, do not establish a prima facie case of political discrimination or show that his speech or affiliation motivated the decision to investigate his conduct. See **Massey v. Johnson**, 457 F.3d 711, 716-17 (7th Cir. 2006) In addition, Chinn raises no issue of material fact that calls into doubt Lake County's assertion that the investigation and suspension of Chinn were based upon legitimate, non-political reasons. See **Massey,** 457 F.3d at 717 ("In the summary judgment context, this means that, to rebut the defendants' proffered explanations for their terminations, [the plaintiffs] must produce evidence upon which a rational finder of fact could infer that these explanations were lies.") Chinn has not attempted to meet this burden, and the undisputed facts reveal that the attempt would not succeed.

Finally, Lake County argues that Chinn's claim raising constitutional violations based upon a lack of probable cause fail because Chinn never was indicted or prosecuted. Chinn again does not point to any disputed fact to support his claim. Chinn does not claim that he was interrogated or subjected to a search, and he never was arrested or indicted. His argument apparently is based on the belief that probable cause is required prior to conducting an informal investigation or convening a grand jury. This is not the case. See **U.S. v. Scott**, 784 F.2d 787, 792 (7th Cir. 1986)("[P]robable cause is not required for grand jury

12

investigation."). Consequently, the defendants are entitled to summary judgment on Chinn's remaining constitutional claim.

_____

For the foregoing reasons, the motion for summary judgment filed by the defendants, Shaw Spurlock and Lake County, Indiana, on April 17, 2006, is **GRANTED**. All claims against all defendants are **DISMISSED**.

ENTERED this 11th day of October, 2006

                                          s/ ANDREW P. RODOVICH
                                              United States Magistrate Judge